IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KASHA LOUISE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1499-B-BN |
| | § | |
| MNSF II WI LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

On June 17, 2024, Plaintiff Kasha Louise Johnson filed a *pro se* complaint in this district that appears to raise claims related to Johnson's interest in real estate in Collin County, Texas. *See, e.g.*, Dkt. No. 3 at 2 ("I am being ejected 06/19/2024 without remedy or acknowledgment to my inquiries regarding my equitable interest. I have been ignored and blocked from recording my equitable interest in the county clerks division in Collin County also causing further duress and irreparable injury to my family and my estate.").

Johnson also moves for leave to proceed *in forma pauperis*, *see* Dkt. No. 5, and for a temporary restraining order ("TRO") to "seek an estoppel from injuries due to ejectment/eviction," Dkt. No. 6.

United States District Judge Jane J. Boyle referred Johnson's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should deny the request for a TRO.

## Discussion

Preliminarily, the undersigned observes that, insofar as this lawsuit concerns property located in – or a judicial proceeding that is (or was) pending in – Collin County, Texas, venue may not be proper in this district. *See* 28 U.S.C. §§ 1391(b) & 124(c)(3).

But the federal statutes as to venue do not protect a plaintiff from his choice of the wrong venue. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.").

So the Court may address Johnson's TRO motion and reserve ruling on the propriety of venue in this district.

First, Johnson's requesting entry of a TRO prior to service implicates Federal Rule of Civil Procedure 65(b)(1). That is, Johnson may not obtain a TRO absent notice to the defendants without complying with Rule 65(b)(1). And that Johnson has not complied with that rule is reason enough to deny a TRO. *See Breitling v. LNV Corp.*, No. 3:14-cv-3322-M, 2014 WL 5510857, at *1 (N.D. Tex. Oct. 28, 2014) (Rule 65(b)(1) "permits this Court to issue a temporary restraining order only if 'specific facts *in an affidavit or a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney [or *pro se* movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.'" (emphasis

in original; quoting FED. R. CIV. P. 65(b)(1); further observing that, "[p]ursuant to Local Rule 83.14, '[p]ro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure'")).

But, even if the Court clears this out-of-the-blocks procedural hurdle for Johnson, there still is no showing that Johnson is entitled to a TRO.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp., Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

So, to obtain preliminary injunctive relief, a movant must unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

And the United States Court of Appeals for the Fifth Circuit "has repeatedly

cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

Considering these legal standards, the motion for a TRO should be denied because Johnson has not shown that the Court has jurisdiction to grant the relief sought.

While Johnson's contentions are difficult to decipher, the relief sought – to halt an eviction plausibly originating from a state court proceeding, based on the complaint's allegation –

> necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 F. App'x 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it applies "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal *in rem* jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297(1970).

*Hart v. Wells Fargo Bank, N.A.*, No. 3:14-cv-1111-B, 2014 WL 12531171, at *1 (N.D. Tex. Apr. 30, 2014); *see id.* at *3 (where Judge Boyle examined Texas's foreclosure

and forcible detainer law, the court found that, "because a forcible detainer action only decides rights of immediate possession and will still allow this Court to determine ultimate issues of title, the state eviction proceedings are not parallel to these proceedings and allowing the state court action to proceed concurrently with this action will therefore not dispose of the *res* or take it out of this Court's supervision" and then concluded that, "[i]n light of the Court's responsibility to construe the exceptions to the AIA narrowly, and taking into account the fact that the AIA is firmly rooted in principles of comity between the federal and state courts, the Court cannot find that it has jurisdiction to enjoin the state proceedings under these circumstances" (citations omitted)).

The Fifth Circuit, as well as other judges in this district, have reached the same conclusion. *See, e.g.*, *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 415-16 (5th Cir. 2013) (per curiam) ("The relief sought, in practical effect, would enjoin Wells Fargo from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the [AIA]." (citation omitted)); *see also, e.g.*, *Andrade v. Bank of N.Y. Mellon*, No. 3:14-cv-783-N-BK, 2014 WL 12531168, at *1-*2 (N.D. Tex. Mar. 19, 2014).

**Recommendation**

The Court should deny the request for a TRO [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: June 18, 2024

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE